Aishemarie C. Nesfield,
6209 West Paradise Lane
Glendale, AZ 85306-2320
Phone: 602, 361-0247
E-mail: acnesfield@aol.com
   *Plaintiff pro se*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

**Aishemarie C. Nesfield,**

               Plaintiff,

v.

**Dignity Health**., a California nonprofit corporation,

               Defendant.

Case # CV-21-1842-PHX-GMS

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff Aishemarie C. Nesfield (pro se) alleges the following facts and claims against Defendant Dignity Health, a California nonprofit corporation, and demands a trial by jury, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a & b):

### Section 1. Two ADA Claims

<u>Count One:</u>  Americans with Disabilities Act ("ADA") employment discrimination based upon disability – failure to provide reasonable accommodation in violation of 42 U.S.C. 12112(b)(5)(A)



1

1 <u>Count Two</u>: ADA employment discrimination based upon disability – termination of employment because of disability in violation of 42 U.S.C. 12112(b)(5)(B)

## Section 2. The parties, jurisdiction and venue

**1.** Plaintiff Aishemarie C. Nesfield (hereinafter referred to as "Nesfield") was at all times material to this Complaint:

(A) An adult resident of Maricopa County, Arizona;

(B) A "qualified individual" as that term is defined and used in 42 U.S.C 12111(8);

(C) An "employee" of Defendant Dignity Health as that term is defined and used in 42 U.S.C 12111(4); and

(D) An employee with a "disability" as that term is defined and used in 42 U.S.C 12102(A)(1).

**2.** Defendant Dignity Health ("Dignity") is, and has been at all times material to this Complaint:

(A) A California nonprofit corporation doing business in the State of Arizona, in Maricopa County;

(B) The owner and operator of a multi-state chain of hospitals and health care facilities and a healthcare provider;

(C) The "employer" of Nesfield as that term is used and defined in 42 U.S.C. 12111950(A);

(D) A "covered entity" as that term is defined and used in 42 U.S.C 12111(2); and

(E) An employer with over five hundred employees.

**3.** The two claims set forth herein arise under the Americans with Disabilities Act, 42 U.S.C. 12112 which (A) gives this Court subject matter jurisdiction in 42



U.S.C. 12117(a), and (B) are federal statutes which also give this Court subject matter jurisdiction pursuant to 28 U.S.C. 1331 and also 28 U.S.C. 1343(a).

4. All events alleged herein occurred in Maricopa County, Arizona.

5. This Court (Phoenix Division) is the appropriate venue for this action pursuant to 28 U.S.C. 1391(b)(2).

### Section 3. Fact allegations supporting Plaintiff's claims

6. Nesfield was employed by Dignity as an "accounts payable specialist" from March 20, 2000, until she was fired by Dignity effective May 15, 2015.

7. Well before May 15, 2015, Nesfield was diagnosed with a visual disability which limited her vision (sight): retinitis pigmentosis, which is a disability as defined by the ADA, 42 U.S.C. 12102(A)(1).

8. During her employment by Dignity, Nesfield notified her superiors at Dignity of her vision disability and sought reasonable accommodations so she could continue to perform the essential function of her job as an accounts payable specialist.

9. Dignity initially provided such accommodations, but then later failed to provide Nesfield's requested reasonable accommodation by providing her with or arranging for training in the use of a Dolphin screen adapter system so that she could effectively perform her work functions given her visual limitations, and then Dignity falsely accused her of performance deficiencies.

10. Dignity then told Nesfield that she would receive a (unjustified) performance improvement plan ("PIP") as a prerequisite to being fired, or she could take disability leave, effectively her job but avoiding being fired. Faced with this choice of lesser of evils, she chose the latter, although she could have continued to perform the essential functions of her job if her requested reasonable accommodations would have been granted by Dignity.



3

**11.** Additional pertinent facts are set forth in the following documents which are incorporated herein by reference pursuant to FRCP Rule 10(c):

Attached **exhibit 1**: EEOC charge #540-2015-03203 (one-page)

Attached **exhibit 2**: EEOC Intake Questionnaire (four pages)

Attached **exhibit 3**: Letter from Nesfield's counsel to EEOC in response to Dignity's position statement (3 pages)

Attached **exhibit 4**: EEOC Notice of right to sue (one-page)

**12.** As the direct result of the conduct of Dignity alleged herein including her termination of employment, Nesfield has suffered a loss of employment income, employee benefits, emotional distress, embarrassment, valued relationships with her co-workers at Dignity, a reduced standard of living, and humiliation.

**13.** Nesfield is entitled to punitive damages because Dignity's conduct described herein was unlawful and intentional, in violation of her rights under the laws of the ADA, and done with deliberate intent to harm and deprive her of continued employment because of her disability which could and should have been accommodated.

## Section 4. Exhaustion of Administrative Remedies through the EEOC

**14.** Based upon the foregoing, Nesfield filed a timely charge of employment discrimination in violation of the ADA against Dignity with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge, #540-2015-03203 on or about August 20, 2015, **Exhibit 1** attached infra, which is incorporated herein by reference pursuant to FRCP Rule 10(c).

**15.** On July 15, 2021, the EEOC issued to Nesfield its notice of right to sue, **Exhibit 4** attached infra, which is incorporated herein by reference pursuant to FRCP Rule 10(c).



16. The notice of right to sue supra, was sent by U.S. mail to Nesfield and the envelope was postmarked July 30, 2021.

17. The notice of right to sue supra was delivered by the USPS to Nesfield's mailbox on August 5, 2021, and she received it on that date.

18. This Complaint is filed on November 2, 2021 which is within ninety days of Nesfield's receipt of her notice of right to sue, supra.

## Section 5.  Demand for Trial by Jury

Plaintiff Aishemarie C. Nesfield demands a trial by jury on her two claims, pursuant to the U.S. Constitution Seventh Amendment, 42 U.S.C. 1981a(c)(1), and Federal Rules of Civil Procedure Rule 38 (a & b).

## Section 6.  Relief Requested

Based upon the foregoing, Plaintiff Aishemarie C. Nesfield respectfully requests the following judgment and relief against Defendant Dignity Health:

### Count One:  Americans with Disabilities Act ("ADA") employment discrimination based upon disability – failure to provide reasonable accommodation in violation of 42 U.S.C. 12112(b)(5)(A)

1. Compensatory damages
2. Punitive damages
3. Injunctive relief including, inter alia, back pay
4. Reasonable attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. 12205

### Count Two:  ADA employment discrimination based upon disability – termination of employment because of disability in violation of 42 U.S.C. 12112(b)(5)(B)



1. Compensatory damages
2. Punitive damages
3. Injunctive relief including, inter alia, back pay
4. Reasonable attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. 12205

Respectfully submitted this 2nd day of November, 2021.

Signed: _____
Aishemarie C. Nesfield, Plaintiff

**FOUR ATTACHED EXHIBITS**

Exhibit 1: EEOC charge #540-2015-03203 (one-page)

Exhibit 2: EEOC Intake Questionnaire (four pages)

Exhibit 3: Letter from Nesfield's counsel to EEOC in response to Dignity's position statement (3 pages)

Exhibit 4: EEOC Notice of right to sue (one-page)

# Exhibit 1

EEOC charge #540-2015-03203

(one-page)

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | |
|---|---|
| Charge Presented To: | Agency(ies) Charge No(s): |
| ☐ FEPA | |
| ☒ EEOC | 540-2015-03203 |

Arizona Attorney General's Office, Civil Rights Division and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Aishe Nesfield | (602) 298-2790 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 6209 W. Paradise Lane | Glendale, Arizona 85306 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Dignity Health | 500+ | (415) 438-5500 |

| Street Address | City, State and ZIP Code |
|---|---|
| 350 W. Thomas Road | Phoenix, Arizona 85013 |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: May 4, 2015
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe I have been discriminated against on the basis of my disability: retinitis pigmentosis. I have been legally blind for several years. I was employed by Respondent as an Accounts Payable Specialist and was qualified to perform the essential functions of my job position. My job duties were performed almost exclusively on a computer. I have difficulty seeing regular type-print on a computer screen and therefore, I requested several accommodations.

I was receiving assistance from a state vocational resource program that would provide assistive computer programs and technology in order for me to be able to use a computer to perform my job functions. Respondent would receive these computer programs and assistive technology free of cost. Instead of facilitating the accommodation process, Respondent forced me to take disability leave, claiming that it was the "dignified way to handle" my discharge from Dignity Health.

As a result of the foregoing, I believe that I have been discriminated against and retaliated against because of my disability, in violation of the Americans with Disabilities Act, as amended and A.R.S. § 41-1401, et seq.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

8/20/15 — *[signature]* Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

# Exhibit 2

## EEOC Intake Questionnaire

(four pages)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

1. **Personal Information**
Last Name: NESFIELD   First Name: AISHEMARIE   MI: C
Street or Mailing Address: 6209 W PARADISE LN   Apt or Unit #: —
City: GLENDALE   County: MARICOPA   State: AZ   Zip: 85306
Phone Numbers: Home: (602) 298 2790   Work: ( )
Cell: ( )   Email Address:
Date of Birth: ~~12-17-59~~   Sex: ☐ Male ☒ Female   Do You Have a Disability? ☒ Yes ☐ No

Please answer each of the next three questions.   i. Are you Hispanic or Latino? ☐ Yes ☒ No
ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☒ White
☐ Black or African American ☐ Native Hawaiian or Other Pacific Islander
iii. What is your National Origin (country of origin or ancestry)? ALBANIAN-YUGOSLAVIAN

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:
Name: RICHARD CONCIA   Relationship: DOMESTIC PARTNER
Address: 6209 W PARADISE LN   City: GLENDALE   State: AZ   Zip Code: 85306
Home Phone: (602) 298 2790   Other Phone: ( )

2. I believe that I was discriminated against by the following organization(s): (Check those that apply)
☒ Employer  ☐ Union  ☐ Employment Agency  ☐ Other (Please Specify) _____

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) If more than one employer is involved, attach additional sheets.
Organization Name: DIGNITY HEALTH
Address: 3033 N 3RD AVE   County: MARICOPA
City: PHOENIX   State: AZ   Zip: 85013   Phone: (602) 307-2000
Type of Business: HEALTHCARE   Job Location if different from Org. Address: 3200 N CENTRAL AVE
Human Resources Director or Owner Name: NICOLE HARLTON   Phone: (602) 307-2000
Number of Employees in the Organization at All Locations: Please Check (✓) One
☐ Fewer Than 15  ☐ 15 – 100  ☐ 101 – 200  ☐ 201 – 500  ☒ More than 500

3. Your Employment Data (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☒ No
Date Hired: 3-2000   Job Title At Hire: A/P SPECIALIST
Pay Rate When Hired: $12.25/HR   Last or Current Pay Rate: $19+/HR
Job Title at Time of Alleged Discrimination: A/P SPECIALIST   Date Quit/Discharged: 5-4-15
Name and Title of Immediate Supervisor: DEANNA CANNON - SUPERVISOR
If Job Applicant, Date You Applied for Job   NA   Job Title Applied For   NA

1

4. What is the reason (basis) for your claim of employment discrimination?

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race ☐ Sex ☐ Age ☒ Disability ☐ National Origin ☐ Religion ☐ Retaliation ☐ Pregnancy ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing  ii. family medical history  iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _____

If you checked genetic information, how did the employer obtain the genetic information? _____

Other reason (basis) for discrimination (Explain): _____

5. What happened to you that you believe was discriminatory? Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)

A. Date: **5-4-15**  Action: **D. CANNON, N. HARLTON, D. NYGAARD, T. VILORIA TERMINATED BECAUSE I COULDN'T SEE WELL ENOUGH TO DO MY JOB**
Name and Title of Person(s) Responsible: _____

B. Date: _____  Action: _____

Name and Title of Person(s) Responsible _____

6. Why do you believe these actions were discriminatory? Please attach additional pages if needed

**PERFORMANCE WAS NOT AN ISSUE. I WAS BETTER THAN MOST EMPLOYEES IN THE DEPARTMENT.**

7. What reason(s) were given to you for the acts you consider discriminatory? By whom? His or Her Job Title?

**I WAS TOLD BY D. NYGAARD I WAS A SAFETY HAZARD TO THE COMPANY BECAUSE OF MY EYESIGHT. (MANAGER)**

8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?
Full Name    Race, Sex, Age, National Origin, Religion or Disability    Job Title    Description of Treatment

A. _____

B. _____

2

Of the persons in the same or similar situation as you, who was treated *worse* than you?
　　Full Name　　　Race, Sex, Age, National Origin, Religion or Disability　　Job Title　　　Description of Treatment

A. _____

B. _____

Of the persons in the same or similar situation as you, who was treated the *same* as you?
　　Full Name　　　Race, Sex, Age, National Origin, Religion or Disability　　Job Title　　　Description of Treatment

A. _____

B. _____

Answer questions 9-12 only if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
　　☒ Yes, I have a disability
　　☐ I do not have a disability now but I did have one
　　☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

_____
_____

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
　　☐ Yes　☒ No
If "Yes," what medication, medical equipment or other assistance do you use?
_____

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
　　☒ Yes　☐ No
If "Yes," when did you ask? __9-2014__　How did you ask (verbally or in writing)? __BOTH__
Who did you ask? (Provide full name and job title of person)
__D. NYGAARD (MANAGER)__
Describe the changes or assistance that you asked for: __ASSISTIVE TECHNOLOGY TO BE ADDED TO MY WORKSTATION + A DIFFERENT CUBICLE WITH BETTER LIGHTING__
How did your employer respond to your request? __IT WAS APPROVED VERBALLY BUT NEVER ACTED UPON.__

3

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us they will say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |

A. THE AFOREMENTIONED IN QUESTION 5A. THEY ARE IN FEAR OF LOSING THEIR JOBS SO THEY WON'T SAY ANYTHING.

B.

14. Have you filed a charge previously on this matter with the EEOC or another agency? ☐ Yes ☒ No

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: NA

16. Have you sought help about this situation from a union, an attorney, or any other source? ☒ Yes ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?
ZOLDAN LAW GROUP, PLLC. JESSICA MILLER 5/2015 TO PRESENT. RESULTS - STILL ONGOING.

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time

BOX 2 ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____        9-21-15
Signature                              Today's Date

PRIVACY ACT STATEMENT. This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (0/20/09) 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

# Exhibit 3
Letter from Nesfield's counsel to EEOC in response to Dignity's position statement
(3 pages)



Zoldan Law Group PLLC
14500 N. Northsight Blvd.
Suite 213
Scottsdale, Arizona 85260

**Jessica Miller**
480.442.3410 main & fax
www.zoldangroup.com
JMiller@zoldangroup.com

**VIA EMAIL ONLY**
(jeremy.yubeta@eeoc.gov)

May 26, 2016

Mr. Jeremy Yubeta
Equal Employment Opportunity
Commission
3300 N. Central Ave., Ste. 690
Phoenix, Arizona 85012

      **RE:**      **Aishe Nesfield/Dignity Health**
                    **Rebuttal Statement**
                    **Charge No. 540-2015-03203**

Dear Mr. Yubeta:

The following constitutes Ms. Nesfield's formal response to Respondent's Position Statement. Ms. Nesfield, a former employee of Dignity Health, was forced to take disability leave despite her express assurances that she could perform her job functions. Ms. Nesfield is legally blind, and despite her progressive attempts to introduce new software, attend training for voice-activated computer programs, and otherwise successfully navigate her work environment, the Company stifled her actions and ultimately terminated her employment. The Company's personnel decision was unquestionably based on Ms. Nesfield's disability and demonstrated need for accommodations—and is fundamentally unlawful under the Americans with Disabilities Act, 42 U.S.C. § 12101.

Ms. Nesfield worked for Dignity Health for approximately thirteen years. Throughout that timeframe, her retinitis pigmentosis has increased in severity, contributing to her increasing blindness. Within the past year, Ms. Nesfield was receiving services from a State rehabilitation program, which offered software for visually impaired workers and offers vocational assistance without any cost whatsoever to the employer. Despite the fact that Ms. Nesfield had requested several reasonable and effective accommodations, the Company brought the interactive process to a screeching halt when it demanded that Ms. Nesfield take disability leave because it was the "dignified thing to do." The Company's discriminatory termination violates the Americans with Disabilities Act and is patently unlawful.

As the wording of the statute suggests, the ADA places an affirmative obligation upon an employer to accommodate an employee's known disabilities; the failure to do so is actionable under the ADA as "discrimination." *EEOC v. MCI Telecommunications*, 993 F.Supp. 726, 729 (D. Ariz. 1998). Despite the fact that Ms. Nesfield was receiving state assistance to accommodate her disability, the Company failed to engage in the interactive process in good faith and terminated her rather than continue to explore reasonable, effective accommodations. Indeed, the state even generated an accommodation plan and the only proposed accommodation that was granted was downloading one program that magnified her computer's mouse pointer. Although the Company claims to have provided her with a computer program called "Zoomtext," that was not the program given to her. The Company actually gave her a program called Dolphin, which is much more difficult to navigate. The Company did not give her training on the program, which debilitated the program's actual value. During the meeting preceding her discharge, Ms. Nesfield identified Zoomtext as a software program that would be an acceptable accommodation. Unfortunately, she was put on leave before that could be implemented.

The Company's insincere effort to engage in the interactive process generates liability in and of itself. "[O]nce an employer becomes aware that an employee might need an accommodation, it "has a mandatory obligation ... to engage in an interactive process with the employee to identify ***and implement*** appropriate reasonable accommodations." See *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d at 1137 (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 (9th Cir.2000)) (emphasis added); *Brown v. Arizona*, CV-09-2272-PHX-GMS, 2011 WL 2911054 (D. Ariz. July 20, 2011). Here, the Company failed to implement several cost-effective accommodations proposed by Ms. Nesfield that would have been paid for by the state. The Company's obligation extended beyond just providing one computer program that would magnify a mouse pointer. "The employer's obligation to engage in the interactive process ... continues when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed. *Humphrey v. Mem'l Hospitals Ass'n*, 239 F.3d 1128, 1138 (9th Cir. 2001). Dignity Health had an obligation to re-engage in the interactive process. Instead, it imposed leave on Ms. Nesfield.

Next, Ms. Nesfield's discharge amounts to tangible adverse employment action and is actionable under the ADA. Even if the Company claims that she resigned to go on short-term disability, it was not by choice and the distinction does not absolve the Company from liability. *Coleman v. City of Tucson*, No. CV 08-98 TUC DCB, 2008 WL 5134346, at *5 (D. Ariz. Dec. 5, 2008) ("The adverse action was [the plaintiff's] 'constructive discharge,' not his disability retirement.").

Furthermore, Dignity Health inflates the significance of the amount of assistance Ms. Nesfield requested of her peers and supervisors. Also, the many the alleged infractions bulleted in the Position Statement are so negligible that they would not merit discipline and are not particularly problematic for the Company. Ms. Nesfield relied on a co-worker to

log her into her workstation on only one occasion—because the login screen was yellow and white and she cannot differentiate between those colors. Both her comparators and her supervisor had also duplicated vendors in the system on occasion. Ms. Nesfield was not even performing positive pay files in 2015 at the time she was placed on leave. An employee named Lisa Perez wrongfully transferred ten million to the wrong vendor and upon information and belief was not discharged for it. The one time Ms. Nesfield asked her supervisor to interpret a fax was because the facsimile had come through very grainy and she did not want to make a transcription mistake.

Even if the alleged infractions are true, Ms. Nesfield had only been working in a new job position for approximately three months without any training. The trivial nature of the alleged mistakes are easily explainable by the fact that Ms. Nesfield was new to the job, which hardly amounts to an inability to perform essential functions. She was not disciplined for them, was not placed on a performance improvement plan, and was not even aware that the Company was concerned about her performance and requests for assistance from her peers until she was forced into taking medical leave.

Lastly, Ms. Nesfield offered additional accommodations that were not explored. One was a computer program that would assist her in performing her job duties. That was either ignored or denied by the Company. Additionally, the State had offered to schedule a mobility instructor that would assist her in navigating the facility. The facility had recently moved into a new office building and Ms. Nesfield had not had sufficient time in the new space to become completely familiar with her surroundings. Unfortunately, she was placed on leave before she could schedule a meeting with a mobility instructor.

Ms. Nesfield worked for Dignity Health for fifteen years and is still very broken by her abrupt discharge. She is not satisfied with the Company's response and disputes almost every single factual contention made. As a result of the foregoing, the Commission must issue a cause determination in Ms. Nesfield's favor. Respondent's failure to accommodate her, refusal to engage in the interactive process in good faith, and ultimate discharge are against the law. That conclusion is supported by EEOC Enforcement Guidance.

Sincerely,

Jessica Miller

# Exhibit 4

EEOC Notice of right to sue

(one-page)

EEOC Form 161 (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Aishe Nesfield<br>6209 W. Paradise Ln.<br>Glendale, AZ 85306 | **From:** Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2015-03203 | Jeremy Yubeta,<br>Enforcement Supervisor | (602) 661-0015 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____  7/15/2021

Elizabeth Cadle,
**District Director**

(Date Issued)

Enclosures(s)

cc:
April Ramsey
Sr. Legal Counsel
**DIGNITY HEALTH
DBA ST. JOSEPH HOSPITAL**
185 Berry St., Suite 300
San Francisco, AZ 94107